Thomas F. Monaghan
vs.
Solway Mills, Inc.
} No. 78909.

October 28, 1932.

TANNER, J. The case is heard on defendant's demurrer to the third count of the declaration.

The said count charges negligence on the part of the defendant because it did not provide safeguards for vats, pans and structures filled with hot liquid, so as to prevent accident or injury to persons employed at or near such vats, pans or structures, in accordance with the provisions of Chap. 1741 of the Rhode Island Acts and Resolves of January 1931.

The ground of the demurrer is that the purpose of the statute was to provide protection simply for employees and not for a person who, like the plaintiff, was alleged to have entered the premises of the defendant upon the defendant's invitation.

The plaintiff relies upon *Atchison, T & S. F. R. Co.*, vs. *Reesman*, 60 Fed. 370.

The defendant criticizes the application of this case because he says that the Court found that the purpose of fence laws of such character was not solely for the protection of proprietors of adjoining fields but was also to secure safety to trains.

It is true that the Court in its decision did say that though the statute was primarily intended for the benefit of one class, it was also intended for the protection of all who need such protection; that as the presence of the steer on the track was the cause of the derailing of the train and as that steer escaped from an adjoining field through a defective fence, it may plausibly be argued that the recovery in this case comes within the express language of the statute as being for damages done by reason of the escape of the steer from the adjoining field through the defective fence. The Court, however, adds: "But we do not care to rest our conclusions upon this technical construction. The purpose of fence laws of this character is not solely to protect the proprietors of adjoining fields. It is also to secure safety to trains."

In the case at bar it may as well be said that while the express language of the statute is that the safeguards are required for the protection of employees, the protection was just as well for the benefit of anyone else who might be upon the premises by invitation.

At any rate, it may well be held that the violation of such a statute might be considered upon the question of the negligence of the defendant.

Demurrer overruled.

For plaintiff: Francis I. McCanna.

For defendant: Hinckley, Allen, Tillinghast, Phillips & Wheeler.